# In the United States Court of Federal Claims

|  |  |
|---|---|
| MICHELLE C. HONSE,<br><br>    Plaintiff,<br><br>  v.<br><br>THE UNITED STATES,<br><br>    Defendant. | No. 19-1801<br><br>Filed: September 10, 2020 |

*Plaintiff*: Michelle C. Honse, Cypress, CA, pro se

*Counsel for Defendant:* Douglas T. Hoffman, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC

## MEMORANDUM AND ORDER

  Plaintiff *pro se* Michelle C. Honse brings this claim against the United States, seeking compensation for amounts she contends the United States Department of Veteran Affairs (VA) improperly charged her for certain health and unemployment benefits.  Complaint at ¶¶ 3-4 (ECF No. 1) (Compl.).  Ms. Honse, who was removed from her position with the VA and subsequently reinstated and compensated for the period of removal through two decisions of the Merit Systems Protection Board (MSPB), alleges that the VA should not have deducted from her MSPB-ordered back pay (i) a retroactive charge for medical benefits she alleges she did not have during the period of removal, and (ii) reimbursement of unemployment benefits she received during that time.  *See* Defendant's Motion to Dismiss (ECF No. 9) (Def. Mot.) Appendix (App.) at A1-16, A25-37; *see* Compl. at ¶¶ 3-4, Ex. 1 at 1 (requesting the Court "process my back pay properly . . . [and] order the [VA] to reimburse me for the money deducted from my back pay"); Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 19) (Pl. Resp.) at 1-2, 5.  Ms. Honse also seeks interest on the amounts she alleges she is owed.  Compl. at ¶ 4.

Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (Rules). *See* Def. Mot. at 1. Specifically, Defendant argues that the MSPB has already exercised jurisdiction over Plaintiff's claim, and accordingly this Court lacks subject-matter jurisdiction. *Id*. During briefing on Defendant's motion to dismiss, Plaintiff also filed an "Opposed Motion for an Emergency Motion. Request for an Injunctive Order the Agency Cease and Desisit [sic] in the Proposed Removal of Plaintiff" (ECF No. 12) (Emergency Motion), stating that the VA sought to remove her from federal service again, and requesting this Court "issue an injunctive relief order" and "order the [VA] to cease and desist its intentions to remove [her] from federal service." Emergency Motion at 2. On or about May 13, 2020, Ms. Honse informed this Court that she is no longer employed by the VA. Pl. Resp. at 8.

On February 27, 2020, this case was transferred to the undersigned judge pursuant to Rule 40.1(c). *See* ECF No. 11. This Court has considered the parties' filings and arguments in ruling on the pending motions. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Emergency Motion is **DENIED**.

BACKGROUND

On January 22, 2008, Plaintiff began employment as a health technician in the ophthalmology department of the U.S. Department of Veteran Affairs in the Long Beach Medical Center. Compl. at ¶ 3; Def. Mot. at 2. On April 7, 2017, Plaintiff was removed from federal service on the grounds of "one charge of Failure to Follow Instructions . . . and one charge . . . of Conduct Unbecoming a Federal Employee." Compl. at ¶ 3; App. at A1.

On April 30, 2017, Plaintiff filed an appeal of her removal from federal service with the MSPB, alleging disability discrimination. Compl. at ¶ 3; App. at A1. On September 29, 2017, MSPB Administrative Law Judge (ALJ) Anthony Ellison reversed Plaintiff's removal from federal

2

service and reinstated Plaintiff to her previous employment. *Id.* Specifically, ALJ Ellison ordered "the agency to cancel the removal and to retroactively restore appellant effective April 7, 2017[,]" within twenty days of his decision becoming final. App. at A16. The ALJ also ordered the agency to pay Plaintiff "the appropriate amount of back pay, with interest and to adjust benefits with appropriate credits and deductions in accordance with the Office of Personnel Management's regulations" within sixty days of his decision becoming final. *Id*.

On December 2, 2017, Plaintiff filed a petition for enforcement with the MSPB to enforce the ALJ's September 29, 2017 decision, seeking compensatory and consequential damages. App. at A1-2, A27-28. In response to Ms. Honse's petition, the VA submitted documentation that Plaintiff's removal was rescinded, and that her position was restored on November 28, 2017. *Id*. The VA also submitted documentation that Plaintiff received $11,509.02 in net back pay and interest from the VA. App. at A28. The agency's calculations were based on gross back pay of $37,932.40, with deductions of "appropriate amounts for [Ms. Honse's] receipt of State unemployment compensation benefits, standard deductions for benefits and taxes, and for repayment of annual leave paid to Ms. Honse] subsequent to her removal. The agency's calculations also provided credit . . . for interest owed on the back pay amount." App. at A28. These same deductions and credits are the subject of Ms. Honse's present Complaint. *See* Compl. at ¶¶ 3-4, Ex. 1 at 1. On June 21, 2018, MSPB ALJ Holly Parks issued an enforcement decision denying Plaintiff's petition for enforcement, her motion for consequential damages, and her motion for sanctions, and granting Plaintiff's petition for non-pecuniary damages, awarding Ms. Honse $5,000. *See* App. at A25-37. Important to the present action, the MSPB ALJ held that the VA had properly restored Plaintiff to her original position and provided appropriate back pay and interest. App. at A26-28, A36-37.

On September 7, 2018, Plaintiff filed a petition for review of the MSBP's enforcement decision before the United States Court of Appeals for the Federal Circuit. App. at A46. On November 15, 2018, Defendant filed an unopposed motion to transfer the petition for review to the United States District Court for the Central District of California, arguing that Plaintiff's appeal constituted a "mixed case"[1] MSPB matter that should be brought before the appropriate district court. App. at A48-55. On December 28, 2018, the Federal Circuit granted Defendant's motion to transfer. App. at A58-59.

On July 25, 2019, the United States District Court for the Central District of California granted Defendant's motion for summary judgment, dismissing Plaintiff's claim. App. at A60-77. Ms. Honse appealed the district court's decision to the United States Court of Appeals for the Ninth Circuit. App. at A80-89. On July 22, 2020, the Ninth Circuit summarily affirmed the district court's judgment. *See generally Honse v. Wilkie*, No. 19-55908 (9th Cir. July 22, 2020). Separately, during the pendency of this case, Plaintiff also informed this Court that she had received a notice of a proposed removal from the VA and that her last day of federal employment was March 4, 2020. *See* Pl. Resp. at 8; Emergency Motion at 1-2. She further reported that she has appealed her March 2020 removal to the MSPB. *See* Plaintiff's Motion for Extension of Time (ECF No. 15) at 1-2.

---

[1] A "mixed case" is one in which "a federal employee complains of a serious adverse employment action taken against him, one falling within the compass of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq*., and attributes the action, in whole or in part, to bias based on race, gender, age, or disability, in violation of federal antidiscrimination laws." *Perry v. MSPB*, 137 S. Ct. 1975, 1979 (2017). In *Perry*, the Supreme Court held that if a petitioner brings a mixed case, regardless of whether the MSPB dismissed the case on the merits, on procedural grounds, or on jurisdictional grounds, jurisdiction is proper in the district court. *Id.* at 1988. The MSPB instructed Plaintiff that she could obtain judicial review of its decision, including a disposition of discrimination claims, by filing an action in an appropriate district court. App. at A43. The MSPB additionally advised Plaintiff that she could seek judicial review of a final MSPB order in the U.S. Court of Appeals for the Federal Circuit. App. at A42.

APPLICABLE LEGAL STANDARDS

Pursuant to Rules 12(b)(1) and 12(h)(3), this Court must dismiss claims that do not fall within its subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011), citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). On a Rule 12(b)(1) motion, the Court may also consider evidence beyond the pleadings where the motion challenges jurisdictional facts. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747-78 (Fed. Cir. 1988). Like the plaintiff here, a *pro se* litigant's submissions are held to "less stringent standards than [those] drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see Mone v. United States*, 766 F. App'x 979, 986 (Fed. Cir. 2019). However, the "leniency" afforded *pro se* litigants "with respect to mere formalities" does not extend to circumstances involving "jurisdictional requirement[s]." *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

DISCUSSION

I. **Motion to Dismiss**

As noted, Plaintiff filed a claim alleging entitlement to monetary compensation, including interest, for amounts the VA deducted from Plaintiff's MSPB-ordered back pay award, including for certain medical and unemployment benefits. Compl. at ¶¶ 3-4, Ex. 1 at 1. The disputed payments at issue stem from two MSPB decisions. Compl. at ¶ 3; App. at A1-44. First, on September 29, 2017, the MSPB reversed the VA's removal of Plaintiff, ordered the agency to

retroactively restore Ms. Honse to her position, effective April 7, 2017, and awarded Ms. Honse back pay.  App. at A1-24.  Second, on June 21, 2018, the MSPB issued an enforcement decision, denying Plaintiff's petition for enforcement and holding that the VA properly restored Ms. Honse to her position and provided "appropriate back pay and interest."[2]  App. at 26-28.  In doing so, the MSPB implicitly rejected Plaintiff's claims that her back pay award was inappropriately deducted for amounts relating to medical and unemployment benefits.  App. at A28.  The MSPB also addressed Plaintiff's claim for damages, awarding her compensatory damages, but denying her claims for consequential damages and sanctions.  App. at A37.

The United States Court of Federal Claims is a court of limited jurisdiction.  Through the enactment of the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 *et seq.*, Congress has clearly indicated that this Court does not have jurisdiction over Plaintiff's claims related to either the VA's adverse action or the MSPB's review of that adverse action, including her claims related to the MSPB's back pay order and the VA's compliance with that order.  *See* 5 U.S.C. § 7703; *United States v. Fausto*, 484 U.S. 439, 454 (1988); *Reed v. United States*, 254 F.3d 1064, 1066-67 (Fed. Cir. 2001) (Court of Federal Claims lacks jurisdiction over claims for back pay stemming from agency's adverse personnel action); *see also Stekelman v. United States*, 752 F. App'x 1008 (Fed Cir. 2018).  Indeed, the Federal Circuit has "long held that the Court of Federal Claims does not have jurisdiction over a case that could be heard by the MSPB." *Pueschel v. United States*, 297 F.3d 1371, 1377 (Fed. Cir. 2002); *see also Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 775 (1985) (Federal Circuit has exclusive jurisdiction "of an appeal from a final order or final decision of the [MSPB] pursuant to, *inter alia*, 5 U.S.C. § 7703(b)(1)") (internal

---

[2] The MSPB ALJ also noted that Ms. Honse did not challenge the agency's evidence and calculations related to her net back pay, including for deductions for medical benefits and unemployment compensation benefits she received.  App. at A28.

6

quotation omitted). Here, the MSPB issued a decision on the merits of her claim, including concerning back pay, and later specifically ruled that the VA provided appropriate back pay to Ms. Honse. App. A1-44. This is the same back pay award that Ms. Honse challenges in this action. Indeed, in examining Ms. Honse's challenge to the VA's back pay award, the MSPB ALJ reviewed the identical deductions from the back pay award for Ms. Honse's medical benefits and unemployment benefits that she challenges here. App. at A28; Compl. at ¶¶ 3-4, Ex. 1 at 1.

Ms. Honse initially sought review of the MSPB's decisions through her petition to the Federal Circuit, and subsequently agreed to litigate in the U.S. District Court once she opted to pursue a "mixed case" related to her underlying discrimination claims. App. at A45-59. In her opposition to Defendant's motion to dismiss, Plaintiff also requests "review of the clear and obvious improper judicial reviews . . . [by] the MSPB and [U.S. District] Judge Selna's error by refusing to review the merits." Pl. Resp. 3-4. As noted, it is well-established Court does not have jurisdiction to review MSPB or U.S. District Court rulings on "mixed cases" based in part on discrimination, such as the Plaintiff's case. *See* 5 U.S.C. § 7702 (granting district courts jurisdiction where a wrongful removal claim is joined with an allegation of discrimination); *see also Perry*, 137 S. Ct. at 1979 ("mixed claims" must be adjudicated in a United States district court); *Kloeckner v. Solis,* 586 U.S. 41, 56 (2012) ("A federal employee who claims that an agency action appealable to the MSPB violates an antidiscrimination statute listed in § 7702(a)(1) should seek judicial review in district court. . . ."). Further, the U.S. Court of Appeals for the Ninth Circuit has reviewed and denied Ms. Honse's appeal of the district court's ruling. *See Honse v. Wilkie*, No. 19-55908 (9th Cir. July 22, 2020). This Court declines to second-guess the Ninth Circuit's decision and has no jurisdiction to do so.

Accordingly, for the reasons set forth above, this Court lacks subject matter jurisdiction to consider Ms. Honse's claims in this action.

## II.      Injunctive Relief

This Court similarly lacks jurisdiction to grant Plaintiff's motion to enjoin the VA from removing Plaintiff from federal employment.  Emergency Motion at 1-2.  As noted, claims brought by federal employees regarding adverse personnel decisions are within the exclusive purview of MSPB.  *See, e.g.,* 5 U.S.C. § 7701; *Fausto*, 484 U.S. at 454 ("[U]nder the comprehensive and integrated review scheme of the CSRA, the Claims Court (and any other court relying on Tucker Act jurisdiction) is not an "appropriate authority" to review and agency's personnel determination.").  The Court of Federal Claims is a court of limited jurisdiction; it has no power to enjoin removal of a federal employee from an agency.  *See Worthington v. United States*, 168 F.3d 24, 26 (Fed. Cir. 1999) ("*Fausto* deprives the Court of Federal Claims of jurisdiction over personnel actions covered by the CSRA.").  Plaintiff is not without an avenue for relief; she has additionally sought relief from this adverse action from the MSPB, an appropriate forum to consider Plaintiff's claim.  *See* Mot. for Ext. of Time at 1-2; 5 U.S.C. § 7701.  Accordingly, this Court must deny Plaintiff's Motion for Emergency Relief.

******

CONCLUSION

For the foregoing reasons, this Court **GRANTS** Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(h)(3) (ECF No. 9) and **DENIES** Plaintiff's Emergency Motion (ECF No. 12). The Clerk of the Court is directed to enter judgment for Defendant and mark this case as closed.

IT IS SO ORDERED.

s/ Eleni M. Roumel  
ELENI M. ROUMEL  
Judge

Dated: September 10, 2020  
Washington, D.C.